**\*E-FILED 6/21/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD LOMBARDI, JR.,<br><br>　　　　Plaintiff,<br>　v.<br><br>PLEASURE COVE RESORT ASSET<br>MANAGEMENT GROUP, et al,<br><br>　　　　Defendants. | NO. C 05-05219 RS<br><br>**ORDER RE MOTION TO REFER PROCEEDING TO BANKRUPTCY, MOTION TO SEVER AND REMAND, AND MOTIONS FOR SUMMARY JUDGMENT OR DISMISSAL** |

## INTRODUCTION

On May 30, 2006 the Court heard four motions in this action seeking various forms of procedural and substantive relief. Based on the arguments of counsel, the record herein, and for the reasons set forth below, the motion of the cross-defendant United States Department of Reclamation ("Reclamation") for summary judgment on grounds that Cross-complainant Steven Petty lacks standing to assert the claims pleaded in the cross complaint will be granted. As a result, the Court need not reach the issues presented by Reclamation's other motion for summary judgment or dismissal. Similarly, the portion of plaintiff's motion seeking to sever the complaint from the cross-complaint presents no remaining issues to be decided; the balance of that motion, seeking remand to state court, will be granted. Finally, the effect of these rulings will be to deny the motion to refer this action to the bankruptcy court.

## BACKGROUND

The genesis of the action lies in efforts by Steven Petty to acquire and operate Pleasure Cove

1

Resort at Lake Berryessa, California. In furtherance of those efforts, Petty formed and holds a majority interest in Pleasure Cove Resort Asset Management Group, L.L.C. ("the LLC"). The LLC entered into a concession contract with Reclamation under which the LLC was to operate the resort, and which required the LLC to post a $750,000 bond to ensure the removal of certain improvements at the end of the contract term.

Plaintiff Donald Lombardi, a friend of Petty, agreed to loan the sum of $150,000 in connection with this venture. There appears to be no dispute that everyone involved in the loan understood that the proceeds were intended to fund the construction of docks at the resort. The record is less clear as to whether there was an understanding that the loan would be secured by the docks, but it is uncontroverted that no security interest was ever perfected.

Lombardi contends that he made the loan to a general partnership consisting of Petty, Gary Freitas, Michael Bonanno, and Jeffery Morgan. His complaint names as defendants those individuals as well as "Pleasure Cove Resort Asset Management Group, a General Partnership" ("the General Partnership"). Petty, Freitas, Bonanno, Morgan and the LLC all contend that the General Partnership does not exist and never has existed. They contend that Lombardi made the loan to the LLC, and that the LLC alone is liable for repaying Lombardi.

Reclamation has declared the LLC's concession agreement terminated and the resort is now under the operation of another entity. The LLC has filed bankruptcy and those proceedings are ongoing.

Lombardi initiated this action in Santa Clara Superior Court. Petty, in his individual capacity, cross-complained against Reclamation, alleging that its termination of the LLC's concession agreement was wrongful. Reclamation, as a federal government defendant, exercised its right to remove the action to this court.

## DISCUSSION

A. Reclamation's Motions For Summary Judgment

On March 22, 2006, Reclamation filed a motion challenging Petty's cross-complaint on a variety of grounds seeking relief under Rule 12 (b) (1), Rule 12 (b) (6), Rule 56, or some combination thereof. On April 28, 2006, Reclamation filed a motion for summary judgment "on

2

1 additional grounds" raising the threshold issue of whether Petty has standing to pursue the claims
2 alleged in the cross-complaint.

3 Although Petty filed written opposition to Reclamation's first motion, he did not respond to
4 the second motion. At the hearing, Petty's counsel offered an explanation as to why he had filed no
5 written opposition, indicated that he did not require a further opportunity for briefing, and submitted
6 the matter based on the oral argument.

7 "In every federal case, the party bringing the suit must establish standing to prosecute the
8 action. 'In essence the question of standing is whether the litigant is entitled to have the court decide
9 the merits of the dispute or of particular issues.'" *Elk Grove Unified School Dist. v. Newdow*, 542
10 U.S. 1, 14 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))  Although standing doctrine
11 encompasses a variety of sometimes complicated issues, one relatively straightforward component is
12 "the general prohibition on a litigant's raising another person's legal rights." *Id.*

13 Here, Petty's cross-complaint asserts a variety of legal theories, but all arise from the basic
14 claim that Reclamation acted wrongfully with respect to the LLC's rights under the concession
15 contract or with the LLC's rights to improvements or other property at the resort. Under California
16 law that governs the LLC, Petty's status as member of the LLC does not give him any legal interest
17 in the property of the LLC. Cal. Corp Code § 17300. Petty therefore lacks standing to raise the
18 claims pleaded in the cross-complaint. See *Paclink Communications International v. Superior
19 Court*, 90 Cal.App.4th 958, 965 ("Because members of the LLC hold no direct ownership interest in
20 the company's assets (Corp. Code, § 17300), the members cannot be directly injured when the
21 company is improperly deprived of those assets.")

22 Petty does not challenge the notion that the claims plead in the cross-complaint belong to the
23 LLC and that ordinarily he would have no standing to bring those claims. Rather, Petty suggests, he
24 should be permitted to pursue those claims as an alternative defense to the claims made by
25 Lombardi. Thus, while Petty denies that there ever existed a general partnership such that he would
26 have individual liability (as a partner), he contends that if Lombardi were to prove that the loan was
27 made to the General Partnership, then he (Petty) should be allowed to seek recovery from the parties
28 that allegedly seized the docks constructed with the loan proceeds. It does not follow, however, that

3

1  if Lombardi succeeds in proving that *he* was doing business with a general partnership that
2  Reclamation was therefore also doing business with a general partnership.  To the contrary, there is
3  no dispute that the concession agreement was between Reclamation and LLC.  If Lombardi proves
4  that he loaned money to the General Partnership, not the LLC, that will not somehow change the
5  nature of the legal relationship between Reclamation and the LLC, nor will the claims and property
6  that belong to the LLC somehow then belong to Petty individually.

7  In short, the undisputed facts establish that all of the claims pleaded in the cross-complaint
8  belong to the LLC, and Petty has no standing to pursue those claims.[1]  Reclamation's motion filed
9  April 28, 2006 will therefore be GRANTED.  Reclamation's motion filed March 22, 2006 is MOOT.

10  B. <u>Severance, Remand, and Referral to Bankruptcy</u>

11  Plaintiff's motion to sever the complaint from the cross-complaint, and then to remand the
12  complaint to Santa Clara Superior Court, was intended to avoid the complications posed by the
13  relationship of the matters alleged in the cross-complaint to the pending bankruptcy proceedings of
14  the LLC.  Given the ruling that Petty lacks standing to pursue those claims, however, severance is
15  moot.  The remaining question, then, is whether Lombardi's complaint, standing alone, should be
16  referred to the bankruptcy court or remanded to state court.

17  As noted above, Lombardi has *not* sued the LLC, and he has made it very clear in these
18  proceedings that it his intent to attempt to prove he made his loan to the General Partnership, and
19  that it is that General Partnership, not the LLC, that must repay him.  The LLC has appeared in this
20  action under the assumption that it is the entity that Lombardi intended to sue, and that it should
21  respond, as parties typically do where there is an error in the complaint in describing the nature of
22  the party or its precise name.  Lombardi, however, has expressly and unequivocally disclaimed any
23  interest in pursing the LLC in this action.

24  Petty, Freitas, Bonanno, and Morgan all contend that Lombardi is wrong, that no General
25  Partnership ever existed.  That contention, however, is only a potential defense on the merits.  If,
26  when this action is adjudicated, the conclusion is that Lombardi did loan money to a general

---

[1] Indeed, the LLC is already pursuing the same claims as part of the bankruptcy proceedings.

4

partnership, any judgment will be against that general partnership and its individual partners, not against the LLC. Conversely, if Lombardi fails to prove his claims in this action, because a determination is made that there was no general partnership (or for any other reason) then judgment will be entered against him and this action will terminate. In neither situation would there be any basis for the LLC to participate *as a party,* nor any reason that the issues presented in this case must or should be decided in the bankruptcy proceedings.

It is true that Lombardi has filed a proof of claim in the bankruptcy action. Given that the LLC is taking the position that Lombardi is a creditor, it is not unreasonable for Lombardi to attempt to preserve the possibility of collecting in the bankruptcy as an *alternative* to the claims he has asserted here. It would, presumably, be inconsistent and constitute double recovery were Lombardi to *recover* both in the bankruptcy case and in this action. Accordingly, there may come a time that Lombardi will be forced to abandon his claims in one of the proceedings to continue pursuit of the other. Nevertheless, there does not appear to be any significant risk of inconsistent findings or duplicative litigation that would require this action to be adjudicated in the bankruptcy court. If Lombardi were to recover in either forum, defendants will presumably be able to raise that fact as a bar to recovery in the other forum.

Accordingly, because there is no basis to refer this action to the bankruptcy court, and no remaining basis for federal jurisdiction in light the dismissal of the claims against Reclamation, the motion for reference to bankruptcy court will be DENIED, and the motion for remand to Santa Clara Superior Court will be GRANTED.[2]

---

[2] Some parties have suggested that any remand should be to a different superior court, based on venue considerations. The venue questions must be presented, if at all, to the superior court after remand.

5

## CONCLUSION

Reclamation's motion filed April 28, 2006 is GRANTED. In light of that ruling, the Court declines to decide Reclamation's motion filed March 22, 2006. The motion to refer this action to bankruptcy court is DENIED. This action is hereby remanded to Santa Clara Superior Court.

IT IS SO ORDERED.

Dated: June 21, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Thomas W. Barth     tbarth@kmtg.com, spereda@kmtg.com

Joseph E Dworak     jed@berliner.com

Steven H. Herman     shhlaw@aol.com

Claire Lencioni Imelli     claire.imelli@berliner.com

Lawrence James Less     madgm@aol.com,

Charles M. O'Connor     charles.o'connor@usdoj.gov

Gerald Charles Vanoli     gvanoli@yahoo.com, lavanoli@yahoo.com

Craig Kenneth Welch     WELCH@WELCHOLRICH.COM

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/21/06**                                                         **Chambers of Judge Richard Seeborg**

**By:**     ***/s/ BAK***